No. 8443.

BOYD ET AL. *v.* JACKSON ET AL.

VENDOR AND PURCHASER.— *Vendor's Lien.*—*Mortgage.*—*Complaint.*— *Waiver.* —*Contract.*—*Promissory Note.*—*Decedents' Estates.*—*Evidence.*—The plaintiff held a note for purchase-money of real estate, on E. B., so that a vendor's lien might have been enforced. E. B. died solvent, leaving L. B. and others his heirs at law. The entire tract of land afterwards, by purchase from the other heirs of E. B., passed to L. B., who had notice of the plaintiff's lien. Afterwards L. B., in consideration of an assignment of the note (for which he received payment from E. B.'s administrator), executed to the plaintiff his own note for the amount thereof, specifying therein that it was "for purchase-money of land sold by the plaintiff." L. B. then conveyed a portion of the land to C., who had notice of the facts.

| | |
|---|---|
| 82 | 525 |
| 144 | 438 |
| 82 | 524 |
| 148 | 681 |
| 150 | 657 |
| 82 | 525 |
| 154 | 593 |
| 82 | 525 |
| 167 | 621 |

*Held,* that the complaint was not objectionable for praying a lien upon lands other than those subject thereto.

*Held,* also, that the lien was not waived by failure to enforce the debt against E. B.'s estate.

*Held,* also, that the note given by L. B. was a recognition of the plaintiff's lien, and an express undertaking by him to discharge it, and the plaintiff thereby released his claim on E. B.'s estate.

*Held,* also, that C. held the land subject to the satisfaction of the lien after L. B.'s property should be exhausted.

*Held,* also, that evidence was admissible, showing that the note of E. B. specified that it was given for purchase-money of land, and that E. B. declared, when he executed it, that that made it as good as a mortgage, and that the plaintiff required L. B. to make his note in the same form, so that it would be a lien on the land, was admissible as part of the *res gestœ,* and to show the intention to preserve a lien.

*Held,* also, that the note of L. B. was not an independent security, but must, under the circumstances, be regarded as a mere substitute for the note of E. B.

Costs.—*Parties.*—Where one of several defendants tenders separate issues, all of which are found against him, there is no error in adjudging the costs thereof against him personally.

From the Switzerland Circuit Court.

*T. Livings,* for appellants.

*J. D. Works* and *J. A. Works,* for appellees.

NIBLACK, J.—This was a suit by Abigail C. Jackson and her husband, Reuben Jackson, against Lewis G. Boyd and Louisiana Boyd, his wife, Philander S. Sage, Henry J. Cole and William A. Cross, upon a promissory note executed by the said Lewis G. Boyd, and to enforce a vendor's lien upon a tract of land in which all the defendants claimed some interest.

Cross demurred separately to the complaint, but his demurrer was overruled. He then answered in two paragraphs, and a demurrer was sustained to the second paragraph.

There was a verdict for the plaintiffs, and, over a motion for a new trial by Cross alone, a judgment was rendered upon the verdict, which, amongst other things, declared a vendor's lien in favor of the said Abigail, on nine-tenths of the land, and ordered the enforcement of such lien on that proportion of

the land, after the property of Lewis G. Boyd, subject to execution, should be exhausted. The court also taxed some of the costs personally and separately against Cross.

The facts relied on for a recovery in this case were substantially as follows:

Some time previous to the year 1873, Abigail C. Jackson and several other persons, being the owners, as tenants in common, and as the heirs at law of one Amos Simmons, deceased, of a sixty-acre tract of land in Switzerland county, sold and conveyed such land to one Elijah Boyd, for the gross sum of two thousand one hundred dollars; that the interest of the said Abigail in the land was rated at the sum of three hundred and fifty dollars; that the said Elijah Boyd paid her in hand the sum of fifty dollars, and gave her his unsecured promissory note for the remaining three hundred dollars; that not long afterwards, and without having paid this note, the said Elijah Boyd died intestate, leaving the appellant Lewis G. Boyd, and nine others, as his children and heirs at law, and an estate more than sufficient to pay all his debts; that afterwards, in certain partition proceedings between some of the heirs at law of the said Elijah Boyd, and the assignees of the others, the entire tract of land, purchased by him as above stated, was sold by a commissioner appointed for that purpose, and purchased by the said Lewis G. Boyd, he having previously bought the undivided interests of some of the other heirs; that at the time the said Lewis purchased said land, and the several interests therein, he had full knowledge of the fact that the note executed by his father to Mrs. Jackson, as above set forth, remained unpaid; that after he became the owner of the land, the said Lewis purchased that note of Mrs. Jackson, or, as some of the witnesses termed it, borrowed the use of it, giving her his own note for and in place of it, so that he might use it in settlement with his father's estate, to which he was indebted; that afterwards, in a settlement between the said Lewis and the administrator of that estate, he, the said Lewis, was credited with the amount of that note,

and executed to the administrator a receipt for the sum of money due upon it; that afterwards the said Lewis executed to Mrs. Jackson the note sued on in this action, which was in renewal of, and for the gross amount due upon, the first note given by him to her, and was as follows:

"$382.65.                         MARKLAND, Nov. 1st, 1873.

" On or before the first day of November, 1876, I promise to pay Abigail C. Jackson, three hundred and eighty-two dollars and sixty-five cents, the balance due her as purchase-money on land sold by her, with ten per cent. interest from date, payable annually, without relief from valuation or appraisement laws of the State of Indiana.                    " LEWIS G. BOYD."

That this note was precisely similar to the note first given except as to date and amount; that on the 21st day of November, 1876, the said Lewis G. Boyd and wife, in consideration of the sum of $525, conveyed to the appellant Cross ten and a half acres of the land in controversy; that before the payment of the purchase-money by him, Cross had notice of all the material facts set forth as above; that Sage and Cole severally claimed some interest in the land as mortgagees under Lewis G. Boyd; that the title to one-tenth of the land had passed through the hands of an innocent purchaser before reaching Lewis G. Boyd.

While the names of all the defendants are used as appellants here, all the objections urged to the proceedings below are made by and on behalf of Cross.

It is insisted that the claim of a vendor's lien, asserted in this case, was radically defective, because made against the whole tract of land instead of the share in it owned and conveyed by Mrs. Jackson. But that was not an objection to the entire claim, but only a question as to the extent of the lien to be determined by the judgment of the court at the final hearing of the cause. It is also insisted that the lien was waived by the failure of Mrs. Jackson to enforce her claim against the estate of Elijah Boyd, inasmuch as his personal estate was primarily liable for its payment.

Under the circumstances Mrs. Jackson had the option of filing her claim against the estate, and of relying upon the estate for payment, or of proceeding directly against the land in the hands of the heirs. If she had been required to first proceed against the estate, her agreement with Lewis G. Boyd would have relieved her of that obligation. That agreement constituted a practical recognition of her lien by the said Lewis, and an express undertaking on his part to pay and discharge it.

After that agreement was consummated Mrs. Jackson no longer had any claim against the estate of Elijah Boyd for the purchase-money due on the land.

Cross having received notice of Mrs. Jackson's lien before he paid the purchase-money on the land conveyed to him, his land properly stands chargeable with the payment of that lien after the property of Lewis G. Boyd has been exhausted.

One witness testified at the trial, over the objection of Cross, that the note executed by Elijah Boyd to Mrs. Jackson specified that it was for the purchase-money on land, and that Elijah Boyd said, when he signed it, that he was glad the note was so written, as that made it as good as a mortgage. Another witness, also, testified, over the like objection of Cross, that when Lewis G. Boyd was negotiating with Mrs. Jackson for a transfer of his father's note to him, she told him that his note to her must be written in the same way that his father's note was, so as to make it a lien on the land.

It is contended that this evidence was in both instances *ex parte*, irrelevant and not binding upon Cross, as he was not present upon either occasion referred to by the witnesses, and hence improperly admitted.

We see no objection to the admissibility of this evidence as a part of the *res gestæ* and as declaratory of the intention of the parties as regards the retention and preservation of a vendor's lien upon the land.

While a vendor's lien results, by implication of law, from

certain transactions between parties, and not from any agreement between them, and is presumed to exist in all cases in which such a lien is allowed by law, yet whether the lien which the law has conferred has been in fact continued in existence, is a matter of intention, as manifested by all the circumstances attending each particular case.

The declarations of Elijah Boyd and Mrs. Jackson, objected to as above, were consequently relevant to the question of the intention of the parties respectively, and hence not erroneously admitted by the court.

It is further contended that the note of Lewis G. Boyd afforded additional and independent security for the payment of the balance due upon the purchase-money, and that Mrs. Jackson waived her vendor's lien upon the land by accepting that note.

The execution and acceptance of that note were, under the circumstances, but the substitution of one note for another, and not, in contemplation of law, the taking of additional and independent security, from which a waiver of the vendor's lien ought to be inferred.

It is further contended that it was error to tax any of the costs against Cross personally; but, as the issues upon which the cause was tried were mainly formed by Cross, and as all the issues tendered by him were found against him, we do not see that he has any reason to complain of the judgment in respect to the taxation of costs.

What we have said practically disposes of all material questions arising in this cause, including those presented by the demurrers to the complaint and the second paragraph of the answer of Cross. *Lagow* v. *Badollet,* 1 Blackf. 416 (12 Am. Dec. 258) ; *Aldridge* v. *Dunn,* 7 Blackf. 249 ; *Fisher* v. *Johnson,* 5 Ind. 492 ; *Waler* v. *Cox,* 25 Ind. 271 ; *Humphrey* v. *Thorn,* 63 Ind. 296 ; Dart Vendors and Purchasers, Waterman's Notes, ch. 14, p. 344 ; Jones Mortgages, sections 189 to 199, both inclusive.

The judgment is affirmed, with costs.