Ross, J.
Appellee sued and recovered judgment in the court below for injuries received while in appellant’s service.
The facts, as we gather them from the complaint, are that the appellee, a boy between fourteen and fifteen *182 years of age, was employed by appellant to work in and about its mill to wheel sawdust from the mill and to clean out shavings and cuttings; that George W. Burk, foreman and president of appellant’s company, took him from his usual and customary work and set him to work upon the universal wood-worker, a machine highly dangerous to use and operate, and made more dangerous on account of its being set too deep and too wide apart; that appellee was young and inexperienced, was ignorant of the dangerous character of the machine while in operation, because of its rapid motion; that he was set to work while it was in motion, and while working with the first piece of timber was injured by reason of the drawing down of the timber caused by the deep and wide setting of the machine.
Counsel urge against the sufficiency of the complaint that it is not sufficiently alleged that appellee was taken from his usual occupation and set to work to perform duties more hazardous; that it does not state who put him to performing this extra hazardous work, and that it fails to allege that appellant did not instruct him properly, make him familiar with the work, and caution him with reference to the danger of operating such a machine.
We deem it unnecessary to set the complaint out in this opinion, but suffice it to say we have read it with great care, and considered it with reference to each of the objections urged, and find that it states a good cause of action.
Counsel, after referring to the well settled rule that this court can not weigh the evidence and determine which side has the preponderance, say: “The evidence in the cause does not sufficiently sustain the verdict of the jury, for the reason that it fails to establish by a preponderance of evidence the fact of the negligence of the *183 appellant, which was charged in the complaint as the ■cause of the injury.”
Although the evidence in this case to sustain a finding of negligence against the appellant is so very meager and unsatisfactory that were this court sitting as a trial court it would feel called upon to set aside the verdict and grant a new trial, as a court of review it can not consider the weight of the evidence, as the trial court could, and determine upon which side it preponderates. That' is for the trial court to do, and while this court may think the trial court has not decided according to the preponderance of the evidence its decision is final when there is any evidence to sustain the verdict. The reasons for the rule are that all questions of fact being for the jury to determine from a preponderance of the evidence subject to review by the trial court, and the jury having considered it with reference to any conflicts that might exist therein, as well as the weight to be given to each particular part thereof, on account of its source or the manner in which the witnesses appeared and testified, and after thus having considered it and agreed upon which side it preponderated, and the judge trying the case has given such decision of the jury his approval, this court ought not to set it aside when it can not get before it the evidence in the same manner in which it was given to the jury and trial court.
For, as Biddle, J., in Cox v. State, 49 Ind. 568, says: "It must be remembered that such evidence comes before us merely in written words; while the court and jury trying the cause have it from the living voice, with whatever peculiar accent, emphasis, or intonation it may have; and that they see the witness, his countenance, looks, expression of face, manner, readiness or reluctance, and the many nameless indices of truth or falsehood, which it is impossible to put in words. A state *184 ment of facts in words, though testified to by different witnesses, of various degrees of credibility, conies to us with the same weight, while to the court and jury their weight would be, in some instances, the full import of the words, and in others scarcely worth consideration. Hence it is that the credibility of a witness is a question solely for the jury, they being the triers of facts; and the presumption in this court must be that they understand their duty, and performed it. And, should they fail to * * understand their duty, the court that presides over them has a far better opportunity to correct their errors than it is possible for us to have, who sit merely as a court of appeals; and when the verdict of the jury has received the approval of the court below, and the Sole question in the case is the weight of evidence to sustain it, we lay our hands upon the judgment with great reluctance.”
We do not mean to say that a case can not arise where this court will not review the evidence and determine which side has a preponderance, for if a case should arise where all of the evidence is documentary, and a jury should decide in favor of the party against whom it would appear that the evidence clearly preponderated, this court would stand upon an equal footing with the trial court and jury, and would review their decision, and if it felt that the verdict was contrary to the preponderance of the evidence, would grant a new trial. Nichols v. Glover, 41 Ind. 24 (34).
In this case the evidence is not of that character, hence we can not review it.
The fourth reason for a new trial is: “The court erred in giving to the jury instructions numbered oner two, three and four as asked by the plaintiff.”
No argument has been advanced in support of coun *185 sel’s objection to these instructions, hence we will not consider them.
Filed Nov. 14, 1894.
It is next urged that the court erred in refusing to give to the jury instructions numbered nine and fifteen of those tendered by the appellant.
Both of these instructions, so far as applicable to the evidence in the case, were fully covered by instructions given. To have given them would simply have been to repeat to the jury what had already been told them. The court is not compelled to repeat its instructions.
There may be material error in the record, but, if so, it has not been presented, and this court can not search for errors upon which to reverse the judgment.
Judgment affirmed.