Filed April 1, 1896.

---

No. 17,879.

UPLAND LAND COMPANY *v.* GINN ET AL.

VENDOR'S LIEN.— *Reservation in Note.*—Where A sold land to B, taking a note for $2,700 in part payment, and subsequently C sold land to A and agreed to take B's note in part payment, if it were a purchase-money note, and B thereupon executed a note to C for the amount of the unpaid purchase-price of the sale to A, and another note to A for the balance of the $2,700 due A on the purchase by B, the note by B to C carried a vendor's lien on the land sold to B by A.

From the Grant Circuit Court.

*G. W. Harvey* and *A. DeWolf*, for appellant.

*Brownlee & Paulus*, for appellees.

MONKS, J.—This action was brought by appellee, William Ginn, against appellant and the appellee William M. Brown, receiver of the Upland Glass Company, to recover the amount due on a promissory note executed by appellant, and have the same adjudged to be a vendor's lien on certain real estate owned by appellant.

Appellee, Brown, receiver, filed a cross-complaint to recover judgment on a promissory note alleged to have been given for the purchase-money for the same land, etc.

It was alleged in the complaint of Ginn, appellee, and the cross-complaint of Brown, receiver, that on April 11, 1893, one Wilhelm sold and conveyed a tract of land to appellant, and, for the purchase-money not paid in cash, took appellant's note for over $2,700.00; that afterwards, on July 3, 1893, appellee, William Ginn, sold and conveyed a tract of land to said Wilhelm, for which he paid all the purchase-money except $2,018.00; that on said day it was agreed between appellant, appellee, Ginn, and Wilhelm that for the purpose of securing the payment of $2,018.00, the balance of the purchase-money due from Wilhelm to Ginn, appellant would execute to said Ginn its promissory note for $2,018.00 of the purchase-money due from it to Wilhelm for the real estate purchased from him; that in compliance with said agreement, appellant did execute its note payable to appellee Ginn, whereby it promised to pay him $2,018.00 of the purchase-money for the real estate conveyed by Wilhelm to appellant; that said note is due and unpaid; that appellant ex-

ecuted its promissory note to said Wilhelm for $722.00, being the amount of said purchase-money in excess of said $2,018.00; that said note was sold and indorsed by said Wilhelm to the Upland Glass Company, of which company said Brown was afterwards appointed receiver; that said note is due and unpaid, etc.; that said appellant is wholly insolvent and has no personal property from which said notes can be paid. The complaint and cross-complaint each contains a prayer for a judgment upon the note sued on, and that the same be adjudged to be a vendor's lien on said real estate sold and conveyed by Wilhelm to appellant.

Appellant answered the complaint and cross-complaint by a general denial.

The cause was tried by the court, and a general finding made in favor of appellee, Ginn, on the complaint, and in favor of Brown, receiver, on the cross-complaint. Judgments were rendered on the finding, one in favor of appellee, Ginn, and one in favor of Brown, receiver, and the same were adjudged to be vendor's liens on said real estate, which was ordered to be sold for the payment thereof.

On motion of appellant the judgment was modified so that it provided that the real estate was not to be sold until the other property of appellant subject to execution was first exhausted.

Thereupon appellant filed a motion for a new trial, which was overruled.

The only error assigned calls in question the action of the court in overruling the motion for a new trial.

The motion for a new trial assigned the following causes therefore: "First. The judgment of the court and the finding thereof are not sustained by sufficient evidence. Second. The finding and judgment of the

court are contrary to law and contrary to the evidence."

It is conceded by appellant that appellee, Ginn, and Brown, receiver, were each entitled to a personal judgment against appellant, and that the court did not err in rendering such judgments.

There is no doubt, under the allegation in the complaint and cross-complaint, that the two notes executed July 3, 1893, by appellant were each given for the unpaid purchase-money for the real estate sold and conveyed by Wilhelm to appellant, and that said indebtedness was a vendor's lien on said real estate.

It is expressly alleged that each of said notes was executed by appellant for the unpaid purchase-money due from appellant to Wilhelm for the real estate sold and conveyed by him to it. As the court made a general finding for appellees, the only question is, was there any evidence which sustains this allegation in the complaint? We think there is evidence sustaining this as well as every other material allegation in the complaint and cross-complaint.

It appears from the evidence that appellee Ginn knew when he sold the real estate to Wilhelm that Wilhelm had a note for $2,700.00 or more on appellant for a balance on real estate sold and conveyed by him to appellant, and that on July 3, when Ginn and Wilhelm and the appellant, by its officers, were together, Ginn expressed his willingness to take appellant's paper, which Wilhelm had, if it was purchase-money paper, and it was stated to him that it was purchase-money paper. They then agreed to divide said note held by Wilhelm on appellant by giving a note to Ginn for $2,018.00 of the purchase-money appellant owed Wilhelm, and a note to Wilhelm for the remainder, $722.00.

The note for $2,018.00, executed to Ginn, was

for the land sold by Wilhelm to appellant. The note for $722.00 sued upon in the cross-complaint was given for the same consideration. According to this evidence there was no new debt created by appellant giving the note to appellee Ginn. The consideration for the two notes was the same as the note for $2,700.00 held by Wilhelm, which was merely divided by giving the two notes mentioned. The $2,700.00 unpaid purchase-money was a vendor's lien on the real estate held by appellant under the deed from Wilhelm, where the same was evidenced by a note for that amount, and it continued to be such when evidenced by the two notes executed July 3, one to Ginn and the other to Wilhelm. The right of appellees to enforce a vendor's lien under this evidence was the same as if Wilhelm had taken two notes, one for $2,018.00 and the other for $722.00 for the purchase-money from appellant, instead of one, and had transferred the one for $2,018.00 to appellee, Ginn, and the other to Brown, receiver, as alleged. The assignment of notes given for the purchase-money of land transfers as an incident the vendor's lien. *Felton* v. *Smith*, 84 Ind. 485 (486); *Midland Ry. Co.* v. *Wilcox*, 122 Ind. 84 (91).

The controlling question in this case is, whether or not the debt owing is as to appellant a balance due for purchase-money on the land sold and conveyed to appellant by Wilhelm. *Nichols* v. *Glover*, 41 Ind. 24; *Boyd* v. *Jackson*, 82 Ind. 525; *Dwenger* v. *Branigan*, 95 Ind. 221; *Barrett* v. *Lewis*, 106 Ind. 120; *Otis* v. *Gregory*, 111 Ind. 504. As we have shown, there was evidence which sustains the finding of the court that it was.

Appellant does not seem to insist upon the proposition that the land was not chargeable with a lien for purchase-money on account of the $722.00 note held by Brown, receiver, as assignee of Wilhelm.

It is proper to suggest that as the motion for a new trial was as to the whole case, if the finding of the court was proper in favor of Brown, receiver, upon the issues joined on the cross-complaint, then the motion was correctly overruled, even though the evidence was not sufficient to sustain the finding in favor of the appellee Ginn.   In such case, the motion should be for a new trial of the issues joined on the cross-complaint.   *Parsons* v. *Stockbridge,* 42 Ind. 121; *First Nat'l Bank* v. *Williams,* 126 Ind. 423; 2 Elliott Gen. Pract. p. 1166, note 4 and cases cited; Elliott App. Proced., section 844, and notes.

There is no available error in the record.

Judgment affirmed.

