CHICAGO AND SOUTHEASTERN RAILWAY COMPANY *v.* CASON ET AL.

[No. 18,604. Filed May 24, 1898. Rehearing denied Oct. 14, 1898.]

APPEAL AND ERROR.—*Bill of Exceptions.—Receivers.*—Exceptions to a receiver's report cannot be considered on appeal where such report is not properly in the record. *p. 330.*

SAME.—*Bill of Exceptions.*—An indorsement on the back of a bill of exceptions by the judge that the bill was presented on a certain date prior to the time it was signed by him, and that it was taken under advisement, is not sufficient to show that the bill was presented in time. *pp. 330, 331.*

SAME.—*Bill of Exceptions.*—The bill of exceptions must be signed by the judge before being filed with the clerk. *p. 331.*

COSTS.—*Where There Is No Judgment Taxing Costs.*—Costs, in the absence of a judgment taxing same, are upon the parties making them. *p. 331.*

From the Hamilton Circuit Court. *Affirmed.*

*W. R. Crawford, U. C. Stover, F. E. Gavin, C. F. Coffin* and *T. P. Davis,* for appellant.

*C. M. Zion,* for appellees.

McCABE, J.—This was a suit instituted in the Boone Circuit Court by the appellees, some of whom were common creditors and some judgment creditors of the appellant, seeking to compel the payment of their debts, and to have a receiver appointed for appellant. From the order appointing a receiver there was an appeal to this court. The judgment or order appointing the receiver was reversed because the same had been done without notice to the appellant, there being no showing of necessity of appointing without notice. *Chicago, etc., R. W. Co.* v. *Cason,* 133 Ind. 49. On the return of the cause to the trial court

the venue was changed to the Hamilton Circuit Court, where a trial resulted in a finding and judgment for each of the several creditors, and an order on the defendant to pay into court $776.66. The receiver's report was filed and approved. The court refused to permit the appellant to file exceptions to that report, and overruled appellant's motion for a new trial, and to modify the judgment so as to strike out the order to pay into court the $776.66, and also to tax the costs occasioned by the receivership against the appellees.

The exceptions to the receiver's report are made a part of the record by incorporating the same into a bill of exceptions properly in the record. It consists of specific objections to certain items of allowance in such report, but the report itself is not made a part of the record by bill of exceptions, though what purports to be such report has been copied by the clerk into the transcript. We can only know whether the exceptions thereto are well taken by an examination of such report, and we are not authorized to do so unless it has been properly made a part of the record by bill of exceptions. *State, ex rel.*, v. *Crowe*, 150 Ind. 455.

The motion to modify the judgment is in the same condition. Neither the report of the receiver nor the evidence being in the record, we are without means of knowing that it was improper to order the defendant to pay into court the $776.66. There was an attempt to bring into the record the evidence, but it was unsuccessful. The record shows that what purports to be the bill of exceptions was filed in court on June 23, 1896, which was in time; but the judge certifies at the close of the bill, above his signature, that it was signed on the 20th day of February, 1897. That was not in time. But an attempt to obviate this

difficulty has been made by having the judge indorse on the back of the bill the following: "This bill was presented to me this 23d of June, 1896, for my signature, and taken under advisement. R. R. Stephenson, Judge." Had this statement been in the bill of exceptions, it would have shown that it was presented to the judge in time, and then, no matter how long thereafter it was filed, it would have been properly in the record. But such statement must be in the bill and not indorsed on or attached to it. *Cornell* v. *Hallett*, 140 Ind. 634, and cases there cited; *Ayres* v. *Armstrong*, 142 Ind. 263; *Wood* v. *Ohio Falls Car Co.*, 136 Ind. 598, and cases there cited.

Moreover, the bill was not signed until after it was filed, and it has been justly held that a paper purporting to be a bill of exceptions, signed by the judge after it was filed, as was the case here, is not a part of the record because not filed after being signed. *Ayres* v. *Armstrong, supra; Makepeace* v. *Bronnenberg*, 146 Ind. 243.

In the absence of the evidence, we are unable to say that there was any error in overruling appellant's motion to tax all the costs of the receivership to the appellees. Besides, it nowhere appears that any judgment was rendered for such costs. In the absence of a judgment, such costs were upon the persons making them.

The appellant contends that a new trial of the whole case must be had because a judgment was rendered for $60.83 in favor of James E. Pinnell, he not being a party to the suit. There was a large number of judgments rendered in the same order, severally, in favor of the different plaintiffs. That the judgment in favor of Pinnell was wrong furnished no reason that all the several judgments should be set aside and a new trial granted. It might have fur-

nished a good ground for a motion in arrest of the judgment in favor of said Pinnell, or to modify the whole order so as to render no judgment in his favor, or possibly for a motion for a new trial as to him alone; but such motion is too broad when it embraces the whole case, making it the duty of the court to overrule it. *Upland Land Co.* v. *Ginn*, 144 Ind. 434, 439, and cases there cited.

The only other grounds of the motion for a new trial relate to the evidence and its sufficiency, and that, we have seen, is not before us. Hence we are unable to say that the court below erred in overruling the motion for a new trial. There appearing no available error, the judgment is affirmed.