## HERSHBERGER *v.* KERR.

[No. 19,819.  Filed October 30, 1902.]

APPEAL.—*Pleading.—Amendment.—Review of Original.*—The Supreme
Court will not review a ruling on an original paragraph of com-
plaint which has been superseded by an amended complaint. *p. 367.*

SAME.—*Bill of Exceptions.—Review.*—A bill of exceptions not signed
before filing, and not filed within the time allowed after term,
can not be considered on appeal. *p. 368.*

From Madison Superior Court; *H. C. Ryan*, Judge.

Action by Byard Hershberger against James V. Kerr.
From a judgment for defendant, plaintiff appeals.  Trans-
ferred from Appellate Court, under §1337u Burns 1901.
*Affirmed.*

*J. R. Thornburg* and *D. L. Bishopp*, for appellant.

*M. A. Chipman*, *S. M. Keltner* and *E. E. Hendee*, for
appellee.

HADLEY, J.—Action for the recovery of money.  The
record shows that appellant on April 17, 1899, filed in the
clerk's office his complaint, which is not set out, but is
referred to by "here insert," to which complaint a demur-
rer was sustained; and on May 23, 1899, appellant filed an
amended complaint in one paragraph, to which a demurrer
was overruled.

The assignments of error in this court are, (1) that the
court erred in sustaining the demurrer to the plaintiff's
complaint; (2) that the court erred in overruling appel-
lant's motion for a new trial.  The first assignment pre-
sents no question, because the filing of an amended com-
plaint carried the original complaint and rulings thereon
out of the record (*Weaver* v. *Apple,* 147 Ind. 304; *Indian-
apolis, etc., R. Co.* v. *Center Tp.,* 143 Ind. 63), and the
ruling on the demurrer to the amended complaint was in
appellant's favor, for which he cannot be heard to com-
plain.

Citizens St. R. Co. v. Batley.

Appellant is equally unfortunate in his second assignment. He states fourteen reasons for a new trial, every one of which depends for solution upon the evidence, and the evidence is not in the record. It is shown that the motion for a new trial was overruled and final judgment rendered on October 24, 1899, and that ninety days were given in which to file a bill of exceptions. We know that the October term of the Madison Superior Court expired on the Saturday preceding the first Monday of December, 1899. §1426f Burns 1901. After the term the bill of exceptions could be filed only within the time allowed by the court. The record shows that it was not filed until September 26, 1900, about eight months after the time limit for filing had expired, and was not signed by the presiding judge, nor presented to him, until October 17, 1900, twenty-one days after it had been filed as a bill of exceptions. For at least two good reasons, the bill of exceptions, embracing the evidence, is not in the record. See *Utterback* v. *State,* 153 Ind. 545, 548; *Makepeace* v. *Bronnenberg,* 146 Ind. 243, 249; *Chicago, etc., R. Co.* v. *Cason,* 151 Ind. 329.

Judgment affirmed.