THE HOME INSURANCE COMPANY *v.* COOTER ET AL.

[No. 12,593. Filed May 25, 1927. Rehearing denied October 4, 1927.]

1. INSURANCE.—*Mortgagor's right to recover on fire insurance policy covering house and contents during period of redemption from foreclosure.*—Where a fire insurance policy covering a dwelling house and its contents was issued to the owner of real estate during the statutory period of redemption from the foreclosure of a mortgage on the land, the insured could recover for loss of the household goods owned by him at the time of a fire.   p. 367.

2. NEW TRIAL.—*Motion for new trial properly overruled because it included the issues on a cross-complaint in which there was no error.*—A motion for a new trial was properly overruled where a defendant had filed a cross-complaint and the evidence

showed that he was entitled to judgment thereon, regardless of whether error was committed in the main action, the motion being too broad and should have been limited to the issues on the complaint. p. 367.

3. NEW TRIAL.—*Motion for new trial covering issues on complaint and cross-complaint properly denied when judgment for cross-complainant was proper.*—Where judgment was rendered against a defendant on the complaint and a cross-complaint, a motion for a new trial as to the issues made on the complaint and the cross-complaint was properly denied where the cross-complainant was clearly entitled to a finding and judgment in his favor. p. 367.

From Monroe Circuit Court; *Herbert A. Rundell,* Judge.

Action by Benjamin F. Cooter and another against The Home Insurance Company and Charles A. Farley, in which the last-named defendant filed a cross-complaint. From a judgment for plaintiffs on their complaint and for the cross-complainant against his codefendant, the latter appeals. *Affirmed.* By the court in banc.

*Burke G. Slaymaker, E. L. Snider, James B. Wilson* and *Lawrence B. Moore,* for appellant.

*Miers & Corr* and *T. J. Louden,* for appellees.

ENLOE, J.—The appellees, Benjamin F. Cooter and Martha A. Cooter, commenced this action in the Monroe Circuit Court, naming as defendants thereto the appellant herein and their coappellee, Charles A. Farley. In their complaint they asked that said policy be reformed by correctly naming said plaintiffs, their names being written in said policy as Carter, and they asked for judgment for a named amount as being the amount of insurance upon a certain dwelling house. The said policy covered said dwelling house in the sum of $2,250; household and kitchen furniture, $300; $500 on barn and sheds thereto; and $150 on cattle. The complaint was answered by the appellant in six paragraphs, the

first being a general denial. A demurrer was sustained to the third, fourth, and sixth paragraphs of said answer, and replies by said Cooters to said second and fifth paragraphs closed the issues as to said parties.

Appellee Farley answered said complaint by a general denial; he also filed a cross-complaint, naming as defendants thereto the Cooters and the appellant herein. The Cooters answered this cross-complaint by a general denial, and while the record fails to disclose that the appellant filed any answer thereto, yet, as no default was entered by reason thereof, we shall consider the case as if an answer in denial had been filed. A trial by the court resulted in a finding and judgment in favor of appellees Cooter in the sum of $2,250, and in favor of appellee Farley in the sum of $236, from which, its motion for a new trial having been overruled, this appeal is prosecuted. The only alleged error presented is the action of the court in overruling said motion, and the only matter which is presented thereunder is the sufficiency of the evidence to sustain the decision of the court, it being contended that the evidence is not sufficient in that behalf, and that therefore the decision is contrary to law.

It should be kept in mind that in this case there were really two suits, one in which the Cooters were plaintiffs, and the other in which appellee Farley was plaintiff, and in each of which, the real defendant was the appellant herein.

The appellant, by its motion for a new trial, did not seek a new trial only as to the issues made by the complaint of the Cooters, its answers thereto, and the replies of the Cooters to such answers, but also sought a new trial as to the issues made by the cross-complaint of appellee Farley and the answer thereto.

In the case of *Upland Land Co.* v. *Ginn* (1896), 144 Ind. 434, 43 N. E. 443, it was said: "It is proper to

suggest that as the motion for a new trial was as to the whole case, if the finding of the court was proper in favor of Brown, receiver, upon the issues joined on the cross-complaint, then the motion was correctly overruled, even though the evidence was not sufficient to sustain the finding in favor of the appellee Ginn. In such case, the motion should be for a new trial of the issues joined on the cross-complaint." In *Chicago, etc., R. Co.* v. *Cason* (1898), 151 Ind. 329, 50 N. E. 569, it was said: "The appellant contends that a new trial of the whole case must be had because a judgment was rendered for $60.83 in favor of James E. Pinnell, he not being a party to the suit. There was a large number of judgments rendered in the same order, severally, in favor of the different plaintiffs. That the judgment in favor of Pinnell was wrong furnished no reason that all the several judgments should be set aside and a new trial granted. It might have furnished a good ground for a motion in arrest of the judgment in favor of Pinnell, or to modify the whole order so as to render no judgment in his favor, or possibly for a motion for a new trial as to him alone; but such motion is too broad when it embraces the whole case, making it the duty of the court to overrule it." We shall therefore examine the record as the same concerns the issues made upon the cross-complaint of appellee Farley.

The main facts in the case were, upon the trial, stipulated, and from such stipulation we learn: That in August, 1920, the appellees Cooter were the owners of a farm in Monroe county, Indiana; that in that month they sold and conveyed the same to appellee Farley, and that Farley and his wife executed a mortgage on said premises, to secure certain purchase money notes to the Cooters, the last of said notes falling due October 1, 1925; that said mortgage contained an accelerating clause by which it was provided that if any note became

due and remained unpaid for a period of twenty days, the entire debt might be declared due and collected; that a default in payment having taken place, the Cooters, in September, 1922, began proceedings to foreclose said mortgage, and on March 8, 1923, a decree of foreclosure was rendered by the Monroe Circuit Court, a copy of said decree placed in the hands of the sheriff thereafter, and that, on May 5, 1923, said lands were, by said sheriff, struck off and sold to the said Cooters, who received a certificate of purchase therefor; that on October 18, 1923, said Farley applied to the agents of appellant, at Bloomington, for a policy of insurance and that such policy was issued insuring the dwelling house on said premises in the sum of $2,250, the household goods of Farley in the sum of $300, a certain barn and sheds thereto in the sum of $500, and the sum of $150 on cattle owned by said Farley, said policy to run for a period of three years; that on May 5, 1924, said dwelling house and the household goods therein covered by said policy of insurance were totally destroyed by fire, that said household goods at the time they were destroyed were of the value of $300, and that said Farley was the owner of said goods. It was also stipulated that immediately after said fire, the appellant denied liability.

There can be no question in this case that, as to appellee Farley, upon the issue as made upon his cross-complaint, he was entitled to a finding and 1-3. judgment in his favor, and this being true, it matters not, so far as this appeal is concerned, whether or not there was error as to the Cooters; the motion for a new trial was too broad and, for that reason, the trial court did not err in overruling the same.

Judgment affirmed.

Dausman, J., absent.