## MOREHOUS v. MILLIGAN FINANCE COMPANY ET AL.

[No. 12,676.    Filed June 28, 1927.]

NEW TRIAL.—*New trial properly refused plaintiff where he recovered judgment against one defendant but failed as against another and moved for new trial*B *generally.*—In an action against two defendants, where the plaintiff recovered the full amount sued for against one defendant, but judgment went against him for costs as to the other defendant, a motion for a new trial generally of the entire case was properly overruled where the appellant made no contention on appeal that the part of the judgment in his favor was erroneous.

From Wells Circuit Court; *A. Walter Hamilton,* Judge.

Action by Chancy Morehous against the Milligan Finance Company and others. From a judgment for plaintiff as to one defendant, but against him as to another defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Haynes & Jenkins* and *Simmons, Dailey & Simmons,* for appellant.

*Eichhorn, Gordon & Edris* and *Moran & Gillispie,* for appellees.

ENLOE, J.—The appellant brought this action in the Allen Circuit Court seeking to recover upon a promissory note. The action was brought against said finance company, as being the principal debtor, and against William F. Milligan and Perry W. Hearn, as indorsers of said note. No service was had upon said Milligan and the suit was dismissed as to him. A change of venue was taken and the cause sent to Wells county for trial. The defendant finance company filed answer in three paragraphs, the first being a general denial, the second a plea of no consideration, and the third, a verified answer of *non est factum.* A reply in general denial closed the issues as to said finance company. The

defendant Hearn did not file an answer. The cause was submitted to the court for trial with a request for a special finding of facts and a statement of conclusions of law; this was done, and resulted in a judgment in favor of appellant, as against said Hearn, for the amount of said note, principal, interest and attorneys' fees, and a judgment in favor of said finance company and against appellant for costs on the issues made by said complaint and said company's answers thereto. The appellant's motion for a new trial having been overruled, he prosecutes this appeal, assigning as error the overruling of his motion for a new trial and error in the conclusions of law stated.

First, we shall consider the conclusions of law of which complaint is made. The court found that the note in suit was not the note of the Milligan Finance Company, that it did not execute said note. The exceptions of which complaint is made are founded upon this finding, and the conclusions are well stated upon this finding, because, if the note in suit was not the note of said company, there was no liability thereon as against said company. The fault, if any, was in the finding, and that fault could only be reached through the motion for a new trial, and we shall next consider it.

The validity of the finding in question is assailed in the motion for a new trial under the specification that, the decision of the court is not sustained by sufficient evidence, and we shall, therefore, next consider said motion.

From what has been hereinbefore said, it will be noted that there was but one judgment rendered herein, a judgment against Hearn for the amount of said note, principal, interest and attorneys' fees, and a judgment in favor of said finance company that it recover its costs. The appellant has recognized that there was but one

judgment and, in his assignment of errors herein, has named the said Hearn as one of the appellees, the other appellee being said finance company.

When we examine the motion for a new trial, we find that the appellant, in and by said motion, asked for a new trial generally of the entire case, not only as against the finance company but also as against Hearn, against whom he already had obtained a judgment for all that he was or could be entitled to under the averments of his complaint. On this appeal, there is no intimation that any error was committed by the trial court as to judgment obtained against Hearn, and appellant is only insisting upon alleged errors affecting the judgment as to said finance company, though, by his motion for a new trial, he sought a new trial as to all parties. Upon the record, did the court err in overruling his said motion? In the case of *Upland Land Co.* v. *Ginn* (1896), 144 Ind. 434, 43 N. E. 443, it was said: "It is proper to suggest that as the motion for a new trial was as to the whole case, if the finding of the court was proper in favor of Brown, receiver, upon the issues joined upon the cross-complaint, then the motion was correctly over-ruled, even though the evidence was not sufficient to sustain the finding in favor of appellee Ginn." In the case of *Chicago, etc., R. Co.* v. *Cason* (1898), 151 Ind. 329, 50 N. E. 569, it was said: "That the judgment in favor of Pinnell was wrong furnished no reason that all the several judgments should be set aside and a new trial granted. It might have furnished * * * ground for a motion in arrest * * * or possibly for a motion for a new trial as to him alone; but such motion is too broad when it embraces the whole case, making it the duty of the court to overrule it." In the case of *Hatfield* v. *Rooker* (1914), 56 Ind. App. 1, 104 N. E. 798, it was said: "As to the third assignment of error, the motion for a new trial is joint as to William

V. Rooker and Dora E. Rooker.   In order that the error
may be predicated on the overruling of such motion, it
must be good as against all the parties, that is to say,
in this case it must state errors sufficient to warrant
this court in ordering a new trial with respect to both
William V. and Dora E. Rooker.   Appellants in their
brief make this statement:   'We make no contention
with respect to the judgment in favor of appellee Dora
E. Rooker.'   Therefore, under the well-established rule,
no question is presented with respect to William V.
Rooker."   In this case, no contention whatever is made
as to the judgment against Perry W. Hearn; that judg-
ment is all right, and it follows that, as no question has
been presented as against Hearn, no error has been pre-
sented as against said Milligan Finance Company.

   Judgment affirmed.