PALMER ET AL. *v.* ANDREWS ET AL.

[No. 12,792. Filed December 20, 1927. Rehearing denied April 6, 1928.]

*Edward C. Eikman, J. Fred Masters* and *Titsworth & Titsworth,* for appellants.

*Samuel J. Offutt* and *Charles L. Tindall,* for appellees.

McMAHAN, J.—This action was commenced by appellee Frank Andrews on a negotiable promissory note against the New Palestine Manufacturing Company, as maker, and appellants, Fink, Denk, Kirkhoff, Schramm and Eikman as indorsers, and to foreclose a mortgage on certain real estate, given to secure said note and separate notes given by the manufacturing company to the New Palestine Bank, George Metzger, and Daisy Eikman. The bank, Metzger and Mrs. Eikman were made defendants to answer as to their interest in the mortgage. They filed separate cross-complaints to recover the amount due on their respective notes and to foreclose the mortgage. The defendants in the cross-complaints of Metzger and the bank are the manufacturing company and the holders of the other notes secured by the mortgage. Mrs. Eikman named as defendants in her cross-complaint the manufacturing company, William P. Evans, receiver for the manufacturing company, and Edward C. Eikman, Edward Fink, Charles · Kirkhoff,

Andrew A. Denk and George Metzger, each of whom, it is alleged, signed their names on the back of the note before its delivery. Andrews, the bank and Metzger, the holders of the other three notes secured by the mortgage, were also defendants. The manufacturing company and the receiver answered the complaint of Andrews, in denial, failure of consideration and the unauthorized execution of the note and mortgage by the manufacturing company. Schramm, Fink, Kirkhoff, Denk and Edward C. Eikman filed an answer: (1) In denial; (2) payment; (3) failure of consideration; (4) no consideration as to either of them and that it was the custom for them as directors of the manufacturing company to sign their names on the back of notes for identification purposes only and that they so signed this note as board directors and not as individuals. All other issues were closed by answers and replies in denial. There was a personal judgment in favor of the plaintiff against the manufacturing company and the alleged indorsers and for a foreclosure of the mortgage as to all defendants. Each cross-complainant recovered a judgment against the maker and indorsers of their respective notes and for a foreclosure of the mortgage.

After judgment, Edward C. Eikman filed a motion for a new trial, the only pertinent reasons being that the decision was not sustained by sufficient evidence, and that it was contrary to law. Schramm, Fink, Kirkhoff and Denk filed a motion in which they "separately and severally" asked for a new trial for the same reasons. The receiver also filed a motion for a new trial on the same grounds. These motions were overruled, with separate and several exceptions, and the parties whose motions for a new trial were overruled have appealed and filed an assignment of errors in which they separately and severally state fourteen alleged errors, the only

proper one being the fifth, which is, that the court erred in overruling their motions for a new trial.

The sixth and seventh errors assigned are as follows: "6, The finding or decision and judgment of the court is not sustained by sufficient evidence. 7. The finding or decision and judgment of the court is contrary to law." These are not proper specifications in an assignment of error or in a motion for a new trial, and would be ignored, were it not for the fact that all of appellant's points and authorities are directed to the specifications in the assignment of errors challenging the decision as not being sustained by sufficient evidence and as being contrary to law. Appellants make no claim that the court erred in overruling either of the motions for a new trial. The brief contains no propositions, points or authorities relating to the overruling of such motions.

In this connection, attention is called to the fact that appellants, by their assignment of errors and by their motions for a new trial, attempt to challenge the decision of the court as an entirety. There is no specification in the assignment of error or in the motions for a new trial challenging the decision in so far as it relates to the complaint, or as to the issues presented by any one of the cross-complaints. It appears from that part of appellants' brief which is devoted to "argument," that the only part of the decision attacked is the decision in so far as it relates to the issues presented by the complaint of Andrews. That part of the decision relating to the several cross-complaints is not challenged in this court by appellants. The decision, in so far as the cross-complaints are concerned, is undoubtedly sustained by sufficient evidence and is not contrary to law. This being true, the court correctly overruled the several motions for a new trial challenging the correctness of the decision as a whole. The sixth and seventh speci-

fications in the assignment of errors hereinbefore set out present no question for our determination.

Judgment affirmed.

Dausman, J., absent.