## BAUGHMAN *v.* HUDSON ET AL.

[No. 15,658. Filed October 15, 1937.]

*Henry W. Kamman,* and *Thomas W. Lindsey,* for appellant.

*Benjamin F. Zeig,* for appellees.

KIME, J.—Margaret Shiver filed a complaint against Sally E. Duncan and others on a promissory note secured by mortgage on certain real estate. Thereafter and while this action was pending an agreed entry was made in said cause whereby Grover C. Baugham, one of the defendants, became plaintiff in a substituted action and two other then defendants, W. Clyde Hudson and Henry M. Crane, remained defendants and so far as all other parties were concerned they were no longer in court.

In the substituted action the plaintiff, Baughman, sought to recover a judgment on the note for $200.00

principal, interest, and attorney's fees, and a foreclosure of the mortgage therein described, and to have the lien of the note and mortgage declared a prior and first lien on the real estate therein described, to which complaint the defendants filed separate answers in general denial and the defendant Crane filed a second paragraph of answer alleging that his mortgage lien was not junior to the mortgage lien of Baughman and a cross-complaint wherein he claimed the amount of one-third of a certain note for $125.00 executed by Baughman and Hudson and one Joe T. Coker. It was admitted by the plaintiff that the defendant, Crane, was entitled to a judgment for the principal and interest and entitled to have that judgment set-off against any amount found due the plaintiff.

The issues raised by the first paragraph of the cross-complaint filed by Hudson and the answer thereto was whether the $125.00 note described therein, one-third of which had been paid by Hudson, was a joint note by him, Baughman and Coker or whether it was the individual note of the plaintiff and executed by Hudson and Coker as sureties for plaintiff. The issues raised by the second paragraph of cross-complaint filed by Hudson and the answer thereto was whether the plaintiff had employed Hudson, either expressly or impliedly, and agreed to pay him for certain services therein described the sum of $200.00 which he failed to do, or whether the $200.00 claimed by Hudson was a part of certain commissions that would be due him after the collection of a $855.33 note described in this paragraph of cross-complaint.

Trial was had by the court and judgment was entered that the defendant, Hudson, recover of and from plaintiff, Baughman $9.21, together with his costs and charges laid out and expended; that the real estate described in the plaintiff's complaint be released from

the vendor's lien therein described and that the defendant, Crane, recover of and from the plaintiff, Baughman, $66.50, principal, interest and attorney's fees on the note sued on in his cross-complaint, together with his costs and charges laid out and expended.

The motion for new trial, containing the grounds that (1) the finding of the court is not sustained by sufficient evidence and (2) the finding of the court is contrary to law, was overruled and this appeal followed. The error assigned is that the court erred in overruling appellant's motion for a new trial.

Appellees contend that the motion for new trial is joint as to them and since appellant in his brief says

"In so far as the judgment rendered in favor of the appellee, Henry M. Crane, is concerned, the appellant concedes that there is no error in that judgment, . . . ." that such motion presents no ground for a reversal of this cause on the ground that the court erred in overruling the motion for new trial. We find from an examination of the appellant's briefs that no where therein is the correctness of the finding as to Crane questioned.

We believe that the contention of appellees is correct, as the motion here, in order that error may be predicated on the overruling thereof, must be good as against all parties, and applicable to this case it must allege sufficient to warrant this court's ordering a new trial with respect to both appellees, Crane and Hudson. *Hatfield* v. *Rooker* (1914), 56 Ind. App. 1, 104 N. E. 798. The motion for new trial was as to the whole case, and since the appellant admits that the finding as to Crane was proper, then such motion was properly overruled, even though the finding for Hudson was not sustained by sufficient evidence and was contrary to law. Under such circumstances the motion should have been for a new trial of the issues joined on the cross-com-

plaint of Hudson. *Upland Land Co.* v. *Ginn et al.* (1895), 144 Ind. 434, 43 N. E. 443; *Morehous* v. *Milligan Finance Co.* (1927), 86 Ind. App. 304, 157 N. E. 291. A motion for new trial furnishes no ground for reversal unless the one or ones making the motion are entitled to a new trial as to all against whom it was asked. *Rooker* v. *Lake Erie etc. R. R. Co.* (1918), 66 Ind. App. 521, 144 N. E. 998; *Palmer* v. *Andrews* (1928), 87 Ind. App. 364, 159 N. E. 166.

No question being presented to this court the judgment is in all things affirmed.