KENDEL, ADMINISTRATOR, v. JUDAH ET AL.

63  291
152 521

NEW TRIAL.—Form of Motion For.—Practice.—Where the form of a motion by a party for a new trial is general as to all of several parties opposing, but the grounds assigned therein relate to errors occurring as to a part only of such parties, it is not error to overrule the motion.

SAME.—Trial at One, and Finding at Next, Term.—Motion for a New Trial.—Exception.—Bill of Exceptions.—Evidence.—Where a cause has been submitted for trial, and the evidence heard, and the court takes the matter under consideration until the next term of court, the party questioning the finding then announced may, at that term, properly make a motion for a new trial, on the ground that the finding is contrary to law or not supported by sufficient evidence, and file his bill of exceptions, embodying the evidence and setting out his exception to the overruling of such motion.

From the Gibson Circuit Court.

*W. M. Land*, for appellant.

*J. E. McCullough*, for appellees.

PERKINS, J.—The appellant commenced a suit in the Gibson Circuit Court, in time for trial at the September term, 1876, of said court.

No exception was taken to any ruling of the court in bringing the cause to issue.

The record recites, that:

" Afterward, on the 26th day of said month (September) as aforesaid, the following proceedings were had, to wit:

" Comes now the plaintiff and files his reply to the answers of the defendants, and this cause being at issue is by agreement submitted to the court for trial, and, the evidence being heard, the court takes the matter under consideration until the next term of this court, to which time this cause is continued."

The record further recites, that:

" Afterward, at the November term, 1876, of said court, on the 14th day of December, in said year, the following

proceedings were had, to wit: Come the parties by their·
attorneys, and the issues heretofore joined between them
are submitted to the court for trial; and the evidence be-
ing heard, and the court sufficiently advised in the prem-
ises, finds for the plaintiff, that there is due and owing·
·to him, on the mortgage in his complaint mentioned, the·
sum of seven thousand six hundred and twenty dollars.
The court further finds that said mortgage is a senior and
prior lien, on the undivided one-half of all the real estate·
described in plaintiff's complaint, to the liens, rights and
equities of all the defendants herein, except as to the right
and lien of the said Samuel B. Judah, John M. Judah and
Noble B. Judah in and to lot number four (4) in block
number two (2) in the original plan of the town of Hazle-
ton; and the court finds that the said Judahs' lien on·
said last mentioned lot, acquired by purchase at sheriff's·
sale, as set out in the complaint herein, is a lien thereon
prior to the lien of plaintiff's mortgage. The court fur-
ther finds that said mortgage ought to be foreclosed," etc.

"Thereupon the plaintiff moved for a new trial, and
filed the following reasons in writing :

"'1st. Because the finding and decision of the court in·
favor of the defendants Judahs is not sustained by sufficient
evidence.

"'2d. Because said finding and decision are contrary to
law.' Which motion the court overrules, to which deci-
sion the plaintiff at the time excepted.

"And now he prays that this may be signed as his bill
of exceptions and made a part of the record in this cause ;·
which is accordingly done, this 16th day of January,.
1877."                          [Signature of the Judge.]

The only error assigned is the overruling of the motion
for a new trial.

The motion for a new trial was general as to all the de-
fendants, while no error was claimed in the motion to have·

occurred on the trial, except as to a small portion of them, viz., the Judahs. This would probably have justified the overruling of the motion. But the motion is based upon an alleged erroneous finding upon the evidence. The finding was not so clearly wrong as to justify us in setting it aside.

The appellees insist upon another point. They claim that the evidence is not before the court by the bill of exceptions. The evidence appears to have been heard at the September term, at which time no bill of exceptions was filed embodying it, and no time given beyond the term to prepare one.

The statute enacts, sec. 343, 2 R. S. 1876, p. 176, that:

" The party objecting to the decision must except at the time the decision is made; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court."

In the case at bar, no exception was taken to any ruling or action of the court at the September term. No objection to any item of evidence was made. Hence there was no occasion to obtain a bill of exceptions. Had any ruling of the court been excepted to at the September term, it would have been necessary to obtain a bill of exceptions, signed by the judge at the time, or to obtain an extension of time to file one.

At the next, the November, term, when the court announced its finding, a motion for a new trial was made and overruled, to which action of the court in overruling said motion exception at the time was taken, and a bill of exceptions was prepared, embodying the evidence given at the September term. We think this was a proper course of practice.

The judgment is affirmed, with costs.