PRESCOTT ET AL. *v.* HAUGHEY ET AL.

[No. 18,102. Filed Nov. 29, 1898. Rehearing denied May 9, 1899.]

NEW TRIAL.—*Joint Motion.*—Available error cannot be predicated upon the action of the court in overruling a motion for a new trial which is not well taken as to all of the defendants, where the motion is joint and general as to all of the defendants. *pp. 517-523.*

SAME.—*Joint Motion.*—*Appeal and Error.*—Where a motion for a new trial made jointly as to all of the defendants is not well taken as to all, the failure of the court, in the exercise of its discretion, to sustain the motion as against part of defendants and overrule it as to others is not reviewable on appeal. *p. 521.*

From the Marion Superior Court. *Affirmed.*

*W. V. Rooker*, for appellants.

*R. O. Hawkins, H. E. Smith, Ferdinand Winter* and *Baker & Daniels,* for appellees.

JORDAN, J.—This action was instituted in October, 1893, and prosecuted in the lower court by appellants, William B. Prescott and Abner G. Wines, to recover a money judgment against the defendants, appellees here, namely: Theodore

P. Haughey, Chas. F. Meyer, Robert B. F. Peirce, Harvey Satterwhite, and Schuyler Colfax, as the alleged directors of the Indianapolis National Bank, a banking institution organized under the laws of the United States, and situated, and doing business in the city of Indianapolis. This bank failed and closed its doors in July, 1893, and subsequently was placed in the hands of a receiver. Appellants alleged in their complaint that, prior to the time of the failure of the bank, they were depositors of money therein, and purchasers of bills of exchange from said bank, which bills were returned protested and not paid; and the gist of the complaint is that said defendants, as the directors of the bank, were guilty of fraud in making and publishing in certain newspapers from time to time, prior to the failure of the institution, false reports in regard to its solvency, and the security and character of its assets, etc., which reports came to the knowledge of the plaintiffs, who, relying on the same as true, were induced to become depositors in the bank of a large amount of money, and patrons of the institution in the purchase of exchange, as heretofore mentioned. The falsity of these reports, and the deceit practiced thereby, and the damages sustained by the plaintiffs, are averred, and, on the account of the alleged fraud or deceit imputed to the defendants, the plaintiffs sue them, and demand judgment against all.

Appellees separately answered the complaint by a general denial of all of its material allegations and a trial by jury resulted in the latter, by the direction of the court, returning a verdict in favor of all of the appellees. Appellants jointly applied for a new trial, and assigned 129 reasons in support of the motion, among which it is stated that the verdict is contrary to the evidence and is not sustained thereby. This motion the court denied, and appellants excepted, and the error, and the only one assigned in this appeal, is predicated upon the action of the court in overruling the motion.

The application, or motion for a new trial, which appel-

lants presented to the trial court, was not only joint as to them, but it was so framed as to be in its nature or character a joint and general motion as to all the defendants, and the court thereby was requested to vacate the verdict, and grant a new trial upon the issues as to all the defendants.   Or, in other words, appellants so formulated this motion as to place themselves thereunder in the attitude of demanding a re-examination upon all the issues involved in the case, and the grounds assigned therefor were made to apply to the defend-ants *en masse,* and the theory thereof was that the verdict was incompatible with the evidence as to all, and that the alleged erroneous rulings of the court were prejudicial to both of the moving parties, and favorable alike to all the defendants; and upon this theory, and this alone, appellants in effect insisted that the motion be sustained.

We have so fully referred to and set forth the character or theory of the application presented for a new trial, and the attitude in which appellants placed themselves thereby, for the reason that at the very threshold of the consideration of the questions which they seek to present we are confronted with the earnest contention of counsel for appellees that, in-asmuch as the motion is not only joint as to the movers, but also a joint and general one as to all of the five defendants, against whom it is directed, therefore, it must be well taken as against all, else the alleged error, that the court erred in overruling it, can in no respect be available.

It is insisted by appellees that none of the reasons assigned in the motion, under the facts, will entitle appellants to a new trial as to the appellee Colfax, for the reason that there is an entire absence of any evidence offered or given upon the trial, which even tends to establish, as against him, any liability.   This contention of counsel we find to be fully sup-ported by the record.

Appellants, on the trial, endeavored to sustain the issues or charge of fraud, imputed by them in their complaint to the appellees, by the introduction of reports made to the comp-

troller of the currency by the bank mentioned, as required by the statutes of the United States, relating to national banks. These reports, in each particular instance, appear to have been attested, as exacted by the law authorizing them, by the signatures of at least three of the appellees, as the directors of the bank, and were published officially in a newspaper of the city of Indianapolis, and were published in other newspapers of that city, and also by means of "folders." None of the reports in question was signed by the appellee Colfax and there is no evidence tending to show that he had any connection whatever, either in making any of the reports, or in their publication. In fact, we fail to find any evidence in the record which can be accepted as disclosing that Mr. Colfax was a director of the bank, or that he was connected therewith, or that he had anything to do with the management of its affairs.

Appellants seemingly made no effort to introduce any evidence which would entitle them, under their complaint, to recover against him. It was specifically stated by them to the court that the reports of the bank and other documentary evidence were offered as evidence against the appellees other than Colfax. When tested by the record, there are absolutely no facts to support, as against him, any of the grounds assigned in the motion for a new trial, and it is too clear for controversy that the action of the trial court, under the circumstances, in directing a verdict as to him, was proper and right, and there could be no reason for appellant's demanding a retrial of the issues as to him.

It is not a case where there is some evidence or some ruling of the court which can be said to be applicable to the defendant, but the case presented is one in which there is an entire absence of any such evidence and ruling. Appellants, it would seem, in the light of the evidence, improperly and unnecessarily brought the appellee Colfax into this action, and during the trial, when they must have been apprised by the facts that the charge of fraud as against him could not be

sustained, instead of moving to dismiss the action as to him, they proceeded to prosecute it as against all, until the return of the verdict, and then, apparently not content with the result, they so formulated their motion, and placed themselves in the position thereby of challenging, jointly and generally under the facts, the right of Colfax to the verdict, so far as it concerned him, along with the rights of his codefendants, instead of so framing the motion as to make it applicable alone to the latter.

While the court might, perhaps, have exercised its discretion, if in its judgment the facts justified it, and sustained the motion upon all of the issues in the case, so far as the same related to the defendants other than Colfax, and affirmed the verdict as to him, still its failure to exercise such discretion in the matter is not available as reversible error, nor is it a proper question for review upon appeal to this court. *Dorsey* v. *McGee*, 30 Neb. 657; Elliott's App. Proc., section 839.

The reason for the rule, as asserted in *Dorsey* v. *McGee*, *supra*, is that, in order to make the decision of the trial court denying an application for a new trial in any event a case for reversal on appeal, it should appear that it was presented to the court in the terms or on the theory upon which it ought to be sustained. That the trial court may, on a proper application, when authorized by the facts, vacate a verdict as to some of the parties, in whose favor it has been returned, and affirm it as to the others, cannot be controverted. The motion in question, as we have seen, however, was directed against the defendants as a body, and was, under the terms or reasons assigned therein, alike applicable to all, and the burden was upon the appellants, as the moving parties, to show that they were entitled to have it sustained as presented; otherwise there could be no available error imputed to the action of the court in overruling it. *Kendel* v. *Judah*, 63 Ind. 291.

This rule by analogy finds support in the well affirmed

principle that a motion for a new trial must be good as to all who unite therein, or it will not be good as to any; or, in other words, where two or more parties join in a motion or application to have a verdict or finding set aside and a new trial granted, it is properly denied, if the verdict or finding of the court can be justified as to any of the moving parties. Elliott's Gen. Prac., section 992, and authorities there cited in foot-note 1. *Sweeney Co.* v. *Fry,* 151 Ind. 178, and cases cited.

It is also sustained by a similar rule, whereby it is held that where a complaint or other pleading, consisting of several paragraphs or specifications, is challenged as an entirety by a demurrer for insufficiency of facts, the demurrer is properly overruled if one of the paragraphs or specifications, at least, is good, although the others may be bad. *Raymond* v. *Wathen,* 142 Ind. 367, and cases there cited; and it is also upheld by the same general principle by which it is asserted that, if a series of propositions be embraced in the charge of the court to the jury, and the charge be excepted to in a mass, and one of the propositions be correct, the exception is rightly overruled, regardless of the fact that the others may be bad. *Ohio, etc., R. Co.* v. *McCartney,* 121 Ind. 385; *State* v. *Gregory,* 132 Ind. 387; *Wertz* v. *Jones,* 134 Ind. 475.

The rule is in harmony with the one which asserts that where several parties unite in the same assignment of errors in this court, they will meet with defeat unless the assignment can be sustained as to all. Elliott's App. Proc., section 318. In fact, the doctrine that a motion for a new trial ought to be presented to the court, in terms or upon the theory which all who unite therein have the right to insist that it shall be sustained, is but the application of the general principle so often affirmed as shown by the authorities to which we have referred.

It must follow, under the circumstances, as a necessary result of the application of the rule in question, that we can

do nothing in this appeal but ascertain whether appellants are entitled, under their motion, to insist, as they did, that the verdict should be set aside as to all of the appellees, and finding that they are not entitled to have it vacated as to the appellee, Colfax, for the reasons stated, we must affirm the judgment without further inquiry as to the merits of the questions which appellants seek to present in regard to the other appellees. Judgment affirmed.

McCabe J., doubts.

## On Petition for Rehearing.

Per Curiam.—Counsel for appellants in his brief in support of the petition for rehearing in this cause apparently assails the opinion of the court upon the ground that the holding therein is to the effect that it is merely a matter of discretion with the trial court to grant a new trial, where a motion therefor is properly presented, and embraces therein reason sufficient for sustaining it. No such interpretation can in reason be placed upon the opinion in this appeal. The verdict of the jury, as stated, was a joint one against both plaintiffs, and in favor of all the defendants. The application for a new trial was joint as to the movers, and the grounds assigned therein, while separate as to each other, were applied alike to all of the defendants, and the movers demanded thereby that the trial court treat the application as an entirety, and sustain it, not as to part of the defendants, but as to all of them, regardless of the fact that none of the reasons specified had any application whatever to the defendant Colfax. There are no facts exhibited by the record which even tend to support, as against him, any of the 129 reasons assigned for a new trial. It is evident, therefore, that appellants, under the circumstances, are not in an attitude successfully to complain in this appeal that the lower court erred in denying their motion for a new trial as an entirety.

We held at the former hearing that the trial court might

in its discretion have treated the motion as joint and separate in respect to the defendants and have sustained it as to those other than Colfax, in the event the facts, under the law, justified such action; nevertheless, the failure of the lower court to exercise this discretion, under the circumstances, was not open to review upon appeal to this court. The same conditions may be said to prevail as where a charge of the lower court is assailed in gross as erroneous in a motion for a new trial, parts of which charge are good, and others bad. The court may, in such cases, in its discretion, examine the different parts separately, and, if any are bad, grant a new trial; but it cannot be required to do so as a matter of right, under the particular circumstances in the case; consequently the failure to exercise such discretion cannot avail the moving party on appeal. This rule is substantially affirmed in the case of *Ohio, etc., R. Co.* v. *McCartney*, 121 Ind. 385, and the many other cases cited in the original opinion.

In the McCartney case, *supra*, on page 388 of the opinion, it is said by this court through Mitchell, J.: "The object of a motion for a new trial is to bring to the attention of the court the precise point in respect to which error is supposed to have been committed, with a view that it may be corrected."

It certainly may be further said that when the particular error, or errors, assigned in the motion do not apply alike to all of the parties against whom it is directed, then the motion ought to specify as to which ones of said parties the supposed errors are applicable. In such cases it may then be easily ascertained by the court whether one or more of the grounds assigned are well taken as against some of the adverse parties, and not well taken as to others, and the action of the court upon the motion may be governed accordingly. We are referred to the case of *Louisville, etc., R. Co.* v. *Treadway*, 143 Ind. 689. That decision, however, lends no support to the contention of counsel for the petitioners. In that case each of the defendants filed a separate motion for judgment in its favor on the special verdict. All that this court

did in that appeal was to affirm the judgment in part, and reverse it in part, as it was authorized to do under the express provisions of the code, and direct that the separate motion for judgment by the "Clover Leaf" Company be sustained. Had the motion for judgment been a joint one by both of the defendants, a different question would have been presented.

Counsel for appellants also cite *Bartholomew* v. *Langsdale*, 35 Ind. 278, where it is held, in effect, that an assignment of error in a motion for a new trial to the instructions as a whole is sufficient to require the court to search the entire charge for supposed errors. Had counsel for the petitioners, however, further extended his research, he would have discovered that the case last mentioned on this point is expressly overruled in *Ohio, etc., R. Co.* v. *McCartney*, 121 Ind. 385.

In addition to the authorities heretofore cited, the following, by analogy at least, support the rule asserted in this appeal: *First Nat. Bank, etc.*, v. *Colter*, 61 Ind. 153; *Boyd* v. *Anderson*, 102 Ind. 217; *Carnahan* v. *Chenoweth*, 1 Ind. App. 178, and cases there cited.

We have given the reasons presented for a rehearing full consideration, and perceive nothing to warrant the court in granting the petition. It is therefore overruled.