## GAS LIGHT AND COKE COMPANY *v.* CITY OF NEW ALBANY.

[No. 19,703.   Filed April 2, 1902.]

APPEAL AND ERROR.—*Conclusions of Law.—Practice.*—Where the conclusions of law present the same questions raised by demurrers to answers, the case may be disposed of on the conclusions of law. *p. 271.*

SAME.—*Moot Question.—Municipal Corporations.—Sewers.*—Where in an action against a city for damages for the appropriation of ground for the construction of a sewer it appears from the record that the sewer was constructed by virtue of a statute enacted for such enterprises, and not under a claim of an easement, a finding by the court that the city had a right, in the nature of an easement, to enter and construct the sewer, presents a moot question, and will not be considered on appeal.   *p. 271.*

EMINENT DOMAIN.—*Public Improvements.—Assessment of Benefits and Damages.—Municipal Corporations.*—Where a public improvement, such as usually conveys with it both benefits and damages, is laid upon land under the right of eminent domain, the compensation of the owner is determined, in the absence of a statute forbidding it, by taking into account both the benefits and damages; and where in such case benefits have been assessed against property it will be conclusively presumed, as against a collateral attack, that the damages, if any, have been estimated and deducted from the aggregate amount of benefits.   *pp. 271–273.*

TRIAL.—*Special Finding.—Motion to Make More Specific.—New Trial.*—If a special finding omits material facts, the remedy is by motion for a new trial, not by motion to make the special finding more specific.   *pp. 273, 274.*

EMINENT DOMAIN.—*Sewers.—Assessments.*—An assessment for a sewer is against the property, and not against the owner of the property, and it does not follow that plaintiff was not compensated for land taken for the construction of a sewer because the assessment for the construction thereof was made in the wrong name.   *p. 274.*

From Floyd Circuit Court;   *W. C. Utz,* Judge.

Action by the Gas Light and Coke Company against the city of New Albany for damages for land appropriated for a sewer. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*C. D. Kelso* and *J. V. Kelso*, for appellant.
*J. Herter* and *G. H. Hester*, for appellee.

HADLEY, J.—Appellant, being the owner of a parcel of land within the corporate limits of appellee city, brought this suit to recover damages for the alleged wrongful appropriation of a strip ten feet wide, running diagonally across said parcel, for the construction of a permanent sewer. An answer was filed in general denial, and four affirmative paragraphs, each of which was held good as against appellant's demurrer. Reply in denial. Trial by the court. Special finding and conclusions of law against appellant. Appellant's motions to make the special finding of facts more specific and for a new trial were overruled. Errors assigned on all adverse rulings.

The facts set forth in the special finding, so far as material to a decision of the case, are, in substance, these: Appellant in 1870 became and remains the owner of a part of an outlot in the city of New Albany, which it occupies with a part of its gas plant. For more than twenty years prior to its ownership said lot was crossed by a ditch and natural water course, which entered near the southeast corner from Oak street, and meandered in a northwesterly direction to the west line thereof, on Bank street, which ditch and water course, for more than forty years before the appropriation complained of, had been used by the city for drainage, and was the natural conduit for all water flowing over Oak street, and all other streets and alleys of the city, within a radius of one-fourth of a mile of appellant's property, and was the only means by which the water in said district could flow off and escape, all of which was well known to appellant when it purchased its property. The city, more than twenty years before appellant acquired

its property, had constructed and still maintains two sewers,—one running through Oak street and ending, and emptying its water and sewage into said ditch and water course, at the point where the same enters appellant's premises; and the other beginning in Bank street, at the point where said natural channel leaves appellant's premises, and running thence to Falling Run creek. The sewer from Oak street has all the time continued to discharge into said natural channel at the east line of appellant's lot multifarious and noxious substances from the streets, alleys, and residential pipes, and, flowing out across the lot, created thereby a public nuisance dangerous to public health. In June, 1890, the common council of the city, by a two-thirds vote of its members, adopted a resolution declaring it necessary to construct a sewer, in and along the general course of said natural water course, across appellant's property; the same beginning and ending at the same points where said water course began and ended on appellant's premises. Such further proceedings were had, in strict conformity with the act of 1889, commonly known as the Barrett law, as resulted in the construction of a covered sewer along said natural channel, made of brick and stone, and the assessment of $923.50 benefits against appellant's property. After the notices provided by law, appellant made no objection to the construction of said sewer, and no objection to said assessment of benefits, and to no other steps in the proceedings, and with full knowledge stood by, and without objection permitted the contractor to enter upon its premises and construct the sewer, and thereafter paid its said assessment in full. The sewer was constructed and is still maintained as a part of the city's general system.

The conclusions of law, in effect, are: (1) The city had a right, in the nature of an easement, to enter and construct the sewer along the natural water channel across appellant's lot; (2) the sewer was constructed, and the cost thereof assessed against the property benefited, in strict accordance

with the statute, and the plaintiff is now estopped from claiming damages.

The foregoing facts being all within the scope of the issues, the conclusions of law drawn therefrom present the same questions raised by the demurrers to the answers, and consideration of the demurrers will therefore be omitted. *Runner* v. *Scott,* 150 Ind. 441; *Zorn Brewing Co.* v. *Malott,* 151 Ind. 371; *Gunder* v. *Tibbits,* 153 Ind. 591.

We are not called upon to decide moot questions. *State, ex rel.,* v. *Board, etc.,* 153 Ind. 302. The sewer in controversy was constructed, not by virtue of any claim of the city to an easement entitling it to enter appellant's premises for that purpose, but by virtue of the statute enacted for the government of such enterprises. Hence the question presented by the first conclusion of law is moot, and will not be considered.

With respect to the second conclusion of law, it should be noted that municipalities have conferred upon them by the legislature the following general powers: "To fill up or drain any lot or parcel of ground within such city, * * * whenever water has or may become so stagnant or noxious as to be, in the opinion of such council, a nuisance and injurious to the health". §3541 Burns 1901, clause 2. "For the purpose of drainage of such city, [the common council] may go beyond the city limits, and condemn lands and materials, and exercise full jurisdiction and all the necessary power therefor." §3541 Burns 1901, clause 26. "To regulate all bridges, culverts, sewers, * * * and the location thereof." §3541 Burns 1901, clause 40. "To construct and regulate sewers, drains, and cisterns and provide for the payment of the cost of constructing the same. * * * To provide for the estimate for the cost thereof, and the assessment of the same upon the owners of such lots and lands as may be benefited thereby in such equitable proportions as the common council may deem just". §3541 Burns 1901, clause 43. The special act under which the

sewer was constructed (Acts 1889, p. 237) provides: Section 1. That, upon the presentation of a proper petition for the construction of a sewer, the common council shall have full power to provide by ordinance how and in what manner the improvement shall be made, and in what manner the cost shall be assessed and collected. Section 2. When it is deemed necessary to construct a sewer, the council shall declare by resolution the necessity therefor, and shall state the kind, size, location, and designate the terminal points thereof. Section 3. And the cost of any such sewer shall be apportioned among the lands, lots, and parts of lots benefited thereby, and according to such benefits. Section 6. When such sewer has been completed, the city engineer shall report a description of each lot or parcel of land benefited thereby, with the owner's name, and the fair proportion of each, of the cost of the sewer according to the benefits conferred, that should be assessed against such lot. Section 7. And after notice and a hearing the council "shall assess against the several lots, and parcels of ground, the several amounts which should be assessed on account of the improvement." More concisely, cities have power to drain any lot or parcel of ground within the city whenever water has or may become stagnant, noxious, and injurious to health; also, the power to regulate and locate sewers, and, to accomplish drainage, have all the necessary power to go beyond the city limits, and power to provide for the cost by assessments against the property benefited. This power of location by cities in such places as will serve the purpose of drainage is expressly confirmed by the special act of 1889, and in no part of said act is it hinted that such location shall be limited to the streets and alleys; and when the location is determined, and described in the resolution of necessity, ample provisions follow for redress by any one aggrieved. This unlimited right of location, and accompanying right of assessment, is nothing more or less than the right of eminent domain, with means for compensating

the owner for whatever he may be called upon to surrender to the public.

It is contended that, since the statute does not provide for the assessment of damages in sewer construction, appellant's benefits were assessed without taking its damages into consideration, and that it remains without compensation for the ground occupied by the sewer. In this we cannot concur. Whatever may be the rule in other jurisdictions, it is the settled law in this State that when a public improvement, such as usually conveys with it both benefits and damages, is laid upon land, under the right of eminent domain, the compensation of the owner for what is taken is determined, in the absence of a statute forbidding it, by taking into account both the benefits and damages. The rule rests upon the principle that when the State impresses a servitude upon land, which incidentally carries into the remaining property a pecuniary value equal to the value of that taken, the owner has lost nothing, and has received that just compensation guaranteed by the Constitution. *McIntire* v. *State,* 5 Blackf. 384; *Indiana, etc., R. Co.* v. *Hunter,* 8 Ind. 74; *Hagaman* v. *Moore,* 84 Ind. 496; *Burk* v. *Simonson,* 104 Ind. 173, 54 Am. Rep. 304; *Forsyth* v. *Wilcox,* 143 Ind. 144, 152; *Ross* v. *Davis,* 97 Ind. 79, 84.

It may therefore be said that in all public improvement cases, where the statute does not provide otherwise, the proper mode of determining whether the assessment shall be for benefits or damages is to settle the *quantum* of each, and the net remainder, after subtracting the lesser from the greater, will characterize the true assessment. And in all such cases, where benefits have been assessed against property, it will be conclusively presumed, as against a collateral attack, that the damages, if any, have been estimated and deducted from the aggregate amount of benefits. It follows that the second conclusion of law was correct.

Appellant's motion to make the special finding more spe-

cific was properly overruled. No such motion is known to our practice. *Windfall, etc., Co.* v. *Terwilliger,* 152 Ind. 364. If a special finding omits material facts, the remedy is by motion for a new trial. *Heiney* v. *Lontz,* 147 Ind. 417.

It is affirmed that the corporate name of appellant, as shown by the record, is the Gas Light & Coke Company of New Albany, and that the assessment for the construction of the sewer was made against the New Albany Gas Light & Coke Company, and that no compensation in any form has ever been rendered appellant for the ground occupied by the sewer. There is no merit in this contention. The assessment was against the property, and not against the owner. There is no personal liability following such an assessment. When the city had exhausted the property, it could look no further for an unpaid balance, and it is a complete answer to the contention to say that appellant is here asserting ownership of the property at the time the sewer was constructed and the assessment made.

Many other reasons for a new trial are stated, and a few argued, which chiefly relate to alleged insufficiency in identification of certain records introduced in evidence. We have carefully examined all questions presented, and find that they were all properly ruled.

Judgment affirmed.

Dowling, J., took no part in the decision of this case.