IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1913, AND MAY
TERM, 1914, IN THE NINETY-EIGHTH YEAR
OF THE STATE.

---

### HATFIELD ET AL. *v.* ROOKER ET AL.

[No. 8,244. Filed April 2, 1914.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer to Counterclaim.*—Error, if any, in overruling a demurrer to a counterclaim is rendered harmless by the subsequent dismissal of such pleading. p. 4.

2. PLEADING.—*Counterclaim.*—*Sufficiency.*—In an action to recover for the installation of an electric system, a counterclaim in which it was averred that plaintiffs failed and refused to perform the work in conformity with the contract, plans and specifications, that it would cost defendant $1,000 to correct the wrongs and deficiencies, and closing with a demand for judgment against plaintiffs for damages in the sum of $1,000, was sufficient against demurrer on the ground that it did not specifically charge that defendant had sustained "any loss cost and damages" within the meaning of the bond, since the objection is met by the only reasonable inference that may be drawn from the language of the pleading. p. 4.

3. JUDGMENT.— *Trial.*— *Issues and Proof.*— *Special Findings.*—A party must recover according to the allegations and proof, or not at all; and facts found that are not within the issues will be disregarded. p. 5.

4. TRIAL.—*Conclusions of Law.*—*Exceptions.*—*Effect.*—Exceptions to conclusions of law stated by the court admit that the facts within the issues have been fully and correctly found. p. 6.

5. TRIAL.— *Incorrect Findings.*— *Motion for New Trial.*— Where facts have not been correctly found the remedy is by motion for a new trial. p. 6.

6.  APPEAL.—*Motion for New Trial.—Joint Defendants.*—Where a motion for a new trial is joint as to two defendants, error can not be predicated on the overruling thereof unless such motion was good as to both defendants, so that no question was presented on the ruling on such a motion where appellant urged no error as to one of the appellees. *(Southern R. Co.* v. *Bretz* [1914], 181 Ind. 504; *Ditton* v. *Hart* [1911], 175 Ind. 181, distinguished.)   p. 6.

From Hamilton Circuit Court; *Ernest E. Cole,* Special Judge.

Action by Charles C. Hatfield and another against Dora E. Rooker and another.   From a judgment for defendants, the plaintiffs appeal.   *Affirmed.*

*Newberger, Richards, Simon & Davis* and *Joseph A. Roberts,* for appellants.

*W. V. Rooker,* for appellees.

SHEA, P. J.—Appellants brought this action against appellees William V. and Dora E. Rooker, on a contract, to recover a balance claimed to be due them on account of an electric wiring and bell system alleged to have been installed by them in a residence erected by appellees on the farm of appellee Dora E. Rooker.

The amended complaint was in three paragraphs, the first upon *quantum meruit* as for work and labor done and materials furnished at appellees' special instance and request; the second upon a written contract for the labor and materials, and the third upon a parol contract on the same account. Appellees' separate demurrers to each paragraph of the complaint were overruled.   Appellees then answered separately and severally in three paragraphs, the first a general denial; second, a plea of payment; and third, a counterclaim setting up a contract in writing between appellee William V. Rooker and appellants, who were partners doing business under the firm name of Hatfield Electric Company, whereby the latter agreed to furnish all materials and perform all labor necessary to construct and complete in all details ready

for use, the electric wiring and bell system for a residence near the city of Noblesville, Indiana, the work to be in accordance with drawings and specifications prepared by an architect, and copies of which were furnished appellants. The work and labor to be performed and materials to be furnished in the performance of the contract were the same as described in the complaint in this action. It is further averred that thereafter appellants entered upon the performance of the work and placed same under the control of some incompetent workmen; that appellants and their "said workmen neglected, failed and refused to comply with the drawings and specifications for said work and to countersink the conduits of, for and within which the electric wires were to be contained but left said conduits exposed and in the way of the workmen and where they were and are dangerous, unsightly and useless; and further, * * * likewise neglected, failed and refused to make and complete the fittings and connections for said work or any part thereof and to construct said lines of conduit to its main connection." Appellee William V. Rooker objected to the manner of doing the work and appellants agreed to correct the deficiencies of their workmen. Relying thereon Rooker paid them $200 on the contract; that after receiving the payment appellants neglected and refused to correct the deficiencies and to complete the performance of the contract; that the conduits remain incomplete and disconnected, exposed, unsightly and dangerous, and such work and labor done and materials furnished are by reason of the premises wholly useless and worthless and no part of same has ever been accepted by appellees or either of them. At the time of making the contract, appellants executed their bond in writing to William V. Rooker, whereby they undertook and agreed to protect and indemnify him against all loss and damage by reason of their failure to perform same; that it will cost "said Rooker and these defendants (appellees) to correct said wrongs and deficiencies and to install properly and effi-

ciently said electric wiring and bell system according to said contract the sum of one thousand dollars, and that said·work done by plaintiffs is worth $1,000 less than it would have been if it had been done according to said contract''; that Rooker has performed all conditions of the contract on his part and appellees demand judgment for their damages in the sum of $1,000 with all other proper relief. Copies of the contract and bond are made exhibits to this paragraph of answer. The court overruled a demurrer to the third paragraph of answer and appellants then filed a reply thereto in general denial.

The issues joined were tried by the court, a special finding of facts made, and conclusions of law stated thereon against appellants on their complaint as to both appellees; that appellee Dora E. Rooker was entitled to recover her costs from appellants. The third conclusion of law reads as follows: ''That upon the issues joined upon the counter-claim, being the so called third paragraph of answer, the defendant, William V. Rooker, is entitled to have and recover of the plaintiffs the full penalty of their said bond, to-wit: Three Hundred Fifty-four ($354.00) Dollars, together with his costs.'' Judgment was rendered in accordance with the conclusions of law.

The errors assigned for a reversal are: (1) The overruling of appellants' demurrer to the counterclaim. (2) Error of the court in its third conclusion of law. (3) The overruling of appellant's motion for a new trial.

It is first insisted by appellants that the court erred in overruling the demurrer to the counterclaim or third paragraph of answer. At the trial of the cause, the counterclaim was dismissed as to Dora E. Rooker, so that if any error was committed by the ruling in her favor on the demurrer, it was made harmless by the dismissal. With respect to William V. Rooker, it is insisted that the counterclaim is obnoxious to a demurrer because it does not specifically charge that he sustained ''any

loss cost and damages'' as indemnified against in the condition clause of the bond, upon which his right of action was based.    The counterclaim is by no means a model pleading. It charges that appellants wholly failed and refused to perform the work and labor in conformity with their written contract and the plans and specifications made a part thereof; that it would cost Rooker $1,000 to correct the wrongs and deficiencies of appellants, ending with the following demand: ''Wherefore defendants demand judgment for their damages in the sum of one thousand dollars.'' If by fair inference damages to William V. Rooker are shown, the demurrer was properly overruled.    There can be but one reasonable inference drawn from the language above quoted, and when so drawn the charge is sufficient to withstand a demurrer under the rule in *Domestic Block Coal Co.* v. *De-Armey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

It is earnestly urged that the court erred in its third conclusion of law for the reason, as stated that it is not based on facts which are properly found in the special findings, within the issues.    A party must recover *secundum allegata et probata,* or not at all.    It is insisted that the facts found in special findings Nos. 20-24, inclusive, are not within the issues.    It has been held repeatedly that facts found which are not within the issues are to be disregarded. *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322, 349, 43 N. E. 259; *Burton* v. *Morrow* (1892), 133 Ind. 221, 226, 32 N. E. 921; *Fleming* v. *Greener* (1909), 173 Ind. 260, 267, 87 N. E. 719, 90 N. E. 72, 140 Am. St. 254, 21 Ann. Cas. 959; *Sharp* v. *Malia* (1890), 124 Ind. 407, 409, 25 N. E. 9; *Smith* v. *McDonald* (1912), 49 Ind. App. 464, 97 N. E. 556.    An examination of the counterclaim discloses that the specific things complained of are the failure to countersink the conduits, the failure to make the fittings and connections, and the failure to construct the lines of conduit to their main connection.    The counterclaim also contains the allegation that such work and labor done and materials furnished are

by reason of the premises wholly useless and worthless. While there are many things set out in the special findings that are without the issues, sufficient facts are found within the issues upon which the court could rightly base the third conclusion of law as set out, therefore no error was committed in that respect.

It is also objected that there is not sufficient evidence upon which to base the findings of fact. Objections to the conclusions of law admit that all facts within the issues, stated in the special findings, are correctly found. *Ray* v. *Baker* (1905), 165 Ind. 74, 83, 84, 74 N. E. 619; *Kisling* v. *Barrett* (1904), 34 Ind. App. 304, 309, 71 N. E. 507. If the facts were not correctly found, appellants' remedy was by motion for a new trial. *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237, 241, 64 N. E. 860; *Gas Light, etc., Co.* v. *City of New Albany* (1902), 158 Ind. 268, 274, 63 N. E. 458; *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 31, 71 N. E. 123.

As to the third assignment of error, the motion for a new trial in this case is joint as to William V. Rooker and Dora E. Rooker. In order that error may be predicated on the overruling of such motion, it must be good as against all the parties, that is to say, in this case it must state errors sufficient to warrant this court in ordering a new trial with respect to both William V. and Dora E. Rooker. Appellants in their brief make this statement: "We make no contention with respect to the judgment in favor of appellee Dora E. Rooker." Therefore, under the well established rule, no question is presented with respect to William V. Rooker. *Prescott* v. *Haughey* (1899), 152 Ind. 517, 521, 51 N. E. 1051, 53 N. E. 766; *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 609, 78 N. E. 845, 119 Am. St. 524; *Noerr* v. *Schmidt* (1898), 151 Ind. 579, 581, 51 N. E. 332. In the case of *Prescott* v. *Haughey, supra,* a verdict was found and judgment entered in favor of Colfax. A joint motion for new trial was filed and overruled, in the court

below. The court in passing on the question says at page 521: "While the court might, perhaps, have exercised its discretion, if in its judgment the facts justified it, and sustained the motion upon all of the issues in the case, so far as the same related to the defendants other than Colfax, and affirmed the verdict as to him, still its failure to exercise such discretion in the matter is not available as reversible error, nor is it a proper question for review upon appeal to this court. *Dorsey* v. *McGee* [1890], 30 Neb. 657; Elliott, App. Proc. §839. The reason for the rule, as asserted in *Dorsey* v. *McGee, supra,* is that, in order to make the decision of the trial court denying an application for a new trial in any event, a case for reversal on appeal, it should appear that it was presented to the court in the terms or on the theory upon which it ought to be sustained. That the trial court may, on a proper application, when authorized by the facts, vacate a verdict as to some of the parties, in whose favor it has been returned, and affirm it as to the others, can not be controverted. The motion in question, as we have seen, however, was directed against the defendants as a body, and was, under the terms or reasons assigned therein, alike applicable to all, and the burden was upon the appellants, as the moving parties, to show that they were entitled to have it sustained as presented; otherwise there could be no available error imputed to the action of the court in overruling it. *Kendel* v. *Judah* [1878], 63 Ind. 291." In the case of *Noerr* v. *Schmidt, supra,* the court uses this language at page 581: "If the finding of the court in favor of Schmidt, trustee, upon the issues joined upon his complaint was correct, the motion was properly overruled, even though the evidence was not sufficient to sustain the finding in favor of Frederick and George Noerr upon their counterclaim. In such case the motion should ask for a new trial of the issues joined on the counterclaim. *Upland Land Co.* v. *Ginn* [1896], 144 Ind. 434, 439, [43 N. E. 443, 55 Am. St. 181] and authorities cited."

The facts in the case being considered, do not bring it within the exception stated in the case of *Southern R. Co.* v. *Bretz* (1914), 181 Ind. 504, 104 N. E. 19; and *Ditton* v. *Hart* (1911), 175 Ind. 181, 98 N. E. 961, as there is a joint exception to the ruling on the motion for a new trial and the interest of the parties is not affected alike, either in the questions presented in the motion for a new trial, or in the assignment of errors. The record presents no available error to this court.   Judgment affirmed.

NOTE.—Reported 104 N. E. 798.   See, also, under (1) 31 Cyc. 358; (2) 31 Cyc. 226; (3) 38 Cyc. 1969; (4) 38 Cyc. 1992; (5) 38 Cyc. 1987; (6) 2 Cyc. 1003.   As to demands that are proper matter· of set-off and counterclaim, see 12 Am. Dec. 152.