HELMS ET AL. v. COOK.

[No. 8,984. Filed February 25, 1916. Rehearing denied May 10, 1916. Transfer denied June 29. 1916.]

1. APPEAL.—Review.—Assignment of Error.—Requisites.—The assignment of error, to be sufficient as to any particular error attempted to be presented for review, must present to the appellate tribunal the precise question which was presented to the lower court for its decision.  p. 631.

2. APPEAL.—Joint Rulings and Exceptions.—Separate Assignment of Error.—Coparties may not sever their pleadings, or motions in the trial court, and obtain separate rulings thereon and separate exceptions thereto, and then on appeal obtain a review of such rulings in the appellate tribunal by a joint assignment of error, and vice versa; and where the motion for a new trial, the ruling thereon and the exception thereto are joint, and the appellants in their brief elect to rely on a separate assignment of error, it is impossible for the court by looking to such motion, the ruling thereon or the exception thereto, to determine whether the question passed on by the trial court is identical with that presented by the separate assignment of error, and such assignment, therefore, presents no question for the consideration of the appellate court. p. 632.

3. APPEAL.—Motion for New Trial.—Review.—Where the motion for a new trial, the ruling thereon and the exception thereto are joint and appellants in their brief elect to rely on a separate assignment of error, the appellate court will not go behind the motion on which the ruling complained of is based and examine the several rulings and exceptions on which such motion is predicated to determine if all appellants were not affected alike by such motion and thereby ascertain that the question presented and decided below was identical with that presented on appeal, but the ap-

pellate court will look only to the pleadings or motion on which the ruling assigned as error is based, the ruling itself and the exception thereto.  p. 633.

4.  APPEAL.—*Joint Assignment of Error.—Effect.*—A joint assignment of error must be good as to all who join therein or it will be good as to none.  p. 635

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Daisy Cook against Lucy Helms and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Christian & Christian, J. A. Roberts, Gentry & Campbell, Bell, Kirkpatrick & Voorhis, Emsley W. Johnson* and *Joseph W. Hutchinson,* for appellants.

*O. E. Snow, P. J. Fariss* and *Shirts & Fertig,* for appellee.

HOTTEL, J.—Everett Cox died intestate in Hamilton County, Indiana, the owner of 200 acres of real estate in said county, subject to a life estate in 120 acres thereof in his father, Richard F. Cox, who has since died. Everett Cox was never married, and left surviving him no legitimate children.

Appellee claims to be the illegitimate child of Everett Cox, acknowledged by him during his life to be his own child, and hence entitled to inherit his estate under §3000 Burns 1914, Acts 1901 p. 288. Her complaint is in two paragraphs in the first of which she alleges that she is the owner in fee and entitled to the possession of said real estate, describing it, and asking judgment for the possession thereof, and in the second paragraph she alleges that she is the owner in fee of said real estate, and that defendants are claiming some interest therein adverse, etc., and asking that her title thereto be quieted. There was a trial by jury and a ver-

dict in appellee's favor on both paragraphs of the complaint. A joint motion for new trial, filed by all the defendants below, was overruled, and joint exceptions saved by them to such ruling. There was a judgment in appellee's favor on the verdict and from this judgment appellants appeal, and in their brief state the errors relied on as follows: "The court erred as to each appellant in overruling appellant's motion for new trial."

It is contended by appellee that the error relied on presents no question for the consideration of this court. In support of this contention appellee insists, in effect, that the record shows as above indicated that the motion for new trial, the ruling thereon, and the exception thereto were joint; that appellants in their brief have elected to stand upon the separate assignment of error, and hence that any other assignment is waived; that such separate assignment of error presents no question for the determination of this court. The assignment of error is the complaint in this court, and the errors relied on therein, to be available for reversal, must be such as to present for the determination of this court such questions as were presented to and ruled on by the trial court; that is to say, such assignment of error, to be sufficient as to any

1. particular error attempted to be presented for review, must present to the appellate tribunal the precise question which was presented to the lower court for its decision. *Hatfield* v. *Rooker* (1913), 56 Ind. App. 1, 104 N. E. 798; *Prescott* v. *Haughey* (1898), 152 Ind. 517, 521, 51 N. E. 1051, 53 N. E. 766; *Whitesell* v. *Strickler* (1906), 167 Ind. 602, 609, 78 N. E. 845, 119 Am. St. 524; *Towell* v. *Hollweg* (1881), 81 Ind. 154; *Harting* v. *Vandalia Coal Co.* (1911), 50 Ind. App. 98, 101, 98 N. E. 132. To give to the appealing party any wider latitude

than that indicated would invite imposition on the trial court, and require the exercise of original jurisdiction by the appellate tribunal by requiring it to determine questions not presented, or different from those presented, to the trial court for its decision.

The rule indicated is fundamental in appellate procedure, and on it is bottomed the repeated decisions of the Supreme Court and of this 2. court, to the effect that coparties may not sever their pleadings, or motions in the trial court, and obtain from such court separate rulings thereon, and separate exceptions to such rulings, and then on appeal obtain a review of such rulings in the appellate tribunal by a joint assignment of error, and vice versa. See cases cited, *supra; Starkey* v. *Starkey* (1905), 166 Ind. 140, 143, 76 N. E. 876; Ewbank's Manual (2d ed.) §138; Elliott, App. Proc. §318. Appellants, however, insist, in effect, that the more recent decisions of the Supreme Court recognize an exception to this rule, and in support of their contention cite the following cases, among others: *Whitesell* v. *Strickler, supra; Stamets* v. *Mitchenor* (1905), 165 Ind. 672, 75 N. E. 579; *Southern R. Co.* v. *Bretz* (1913), 181 Ind. 504, 104 N. E. 19. An examination of these cases will show that they are not in fact exceptions to the fundamental rule first above announced, but expressly recognize such rule. In each of those cases the appellate tribunal, by looking alone to the ruling assigned as error, the motion or pleading on which it was based, and the exception to the ruling, was able to say, and did say, in effect, that the assignment of error in the particular case being considered presented to the appellate tribunal for review the precise question presented to and passed upon by the lower court. In the instant case it would

be impossible for this court to say, by looking to the motion which is joint, and to the ruling thereon and exception thereto, which are likewise joint, that the question passed on by the trial court is identical with that which the separate assignment of error presents to this court for review. So far as this court knows, or can know, from an examination of said motion, ruling, and exception, it is at least possible that if the same motion had been filed separately by each defendant below, the ruling of the trial court thereon might have been different and in favor of some one or more of such defendants. It is, however, insisted by appellant, in effect, that an examination of the record will disclose that the rulings and the exceptions thereto on which said motion for new trial was predicated affected all the defendants below alike, and hence will disclose that the question determined by the trial court is the same as that which this court is asked to review. In other words, in order that this court may determine whether any question is presented by appellants' separate assignment of error predicated on a joint ruling and exception to a joint motion for new trial, appellants would have the court go behind the motion on which the ruling complained of is based and examine the several rulings and exceptions on which such motion was based to see if in fact the appellants were not all affected alike by such motion, and thereby ascertain that the question presented and decided below was in fact the same as that here presented. There is no authority that approves or warrants any such practice. The court, 3. in determining whether the question presented to this court for review is the same as that passed on by the trial court, will look only to the pleadings or motion on which the

ruling assigned as error is based, the ruling itself, and the exception thereto. We might add in this connection, however, that even if appellants be correct in their contention that each of the defendants below were affected alike by the ruling on the motion for a new trial that this would not necessarily mean that the question presented to the trial court and this court are identical. It is evident from the record in this case that the trial court did not regard the several rulings on which the grounds of the motion for new trial were based as affecting all the defendants alike. This is evident because certain evidence was admitted against some of the defendants, and not as against others, and the court in its instructions expressly told the jury that certain evidence should be considered only against the particular defendants indicated therein. It therefore affirmatively appears from the record that some of the defendants below had reasons for a new trial that were assigned in the joint motion therefor which the trial court had treated as affecting them alone, and which they could not get the benefit of by joining in a motion for a new trial with their codefendants who were not alike affected by such ruling. For the reasons indicated, the separate assignment of error relied on by appellants in their brief presents no question for our consideration.

It is suggested by appellants in their reply brief, and was also suggested in their oral argument, that the record discloses a joint assignment of error, and that they should have the benefit of such assignment. The original brief does not set out the assignment of error, and as already stated, indicates an intention on appellants to rely on the separate assignment of error. Assuming, however, without deciding, that appellants

should have the benefit of their joint assignment of error, it would avail them nothing in this case. Such assignment is by all the appellants named in the caption thereof, including those whom this court, in an opinion on a motion to dismiss the appeal (*Helms* v. *Cook* [1914], 58 Ind. App. 259, 108 N. E. 147), held were not legally substituted for certain deceased defendants, and including other appellants who were in no position to complain of the ruling on the motion for new trial. A joint assignment of error, like a joint complaint in the trial court, must be good as to all who join 4. therein or it will be good as to none. *Whitesell* v. *Strickler, supra; Orten* v. *Tilden* (1887), 110 Ind. 131, 10 N. E. 936, and cases cited; *Ditton* v. *Hart* (1910), 175 Ind. 181, 185, 93 N. E. 961.

The record as it comes to us presents no reversible error and the judgment below is therefore affirmed.

NOTE.—Reported in 111 N. E. 632.